## MONTGOMERY WARD & CO. v. NATIONAL WAR LABOR BOARD.
### No. 43.

District Court of the United States for the District of Columbia.
June 15, 1944.

Henry F. Butler, of Washington, D. C., and Stuart S. Ball and John A. Barr, both of Chicago, Ill., for plaintiff.

Francis M. Shea, Asst. Atty. Gen., and Edward M. Curran, U. S. Atty., of Washington, D. C. (Joseph A. Fanelli, Sp. Asst. to Atty. Gen., and Robert Burstein, Atty., Department of Justice, of Washington, D. C., of counsel), for defendant.

GOLDSBOROUGH, Justice (Oral Opinion).

THE COURT:

I haven't felt it necessary to think about the President's right to seize in a time of national emergency, but I am discussing principally the effect of this Executive Order No. 9370, Aug. 16, 1943.

■ The court has indicated that a national emergency would be sufficient, that because of a national emergency the Court would not grant a preliminary injunction, and if the question of preliminary injunction were before the Court, Montgomery Ward would have to suffer whatever inconvenience or loss it would incur unless and until it was able to establish, after hearing, the truth of the allegations contained in the bill.

But the question before the Court is a very different one. The question before the Court is whether or not the Court will summarily dismiss a complaint which sets up facts to the effect that the War Labor Board has gone 'way beyond the scope of the authority conferred upon it by this directive legislation.

■ The Court has no doubt that counsel for the Government are not aware that they are making a naive argument that it is possible for the Legislative and Executive Branches of the Government to do away with the Judicial Branch by the passage of so-called directive legislation to be enforced by Executive reprisal. The Constitution, of course, makes this impossible and the Court must and does conclusively presume no such intention on the part of the Executive and Legislative branches.

■ For the Court to grant a dismissal would simply mean a recognition by the Court of the inability of a court of equity to rescue the individual, or the corporation, as the case may be, from the arbitrary and capricious conduct of an administrative body.

Now the courts have no more right to take that position in a time of war than they have in a time of peace. Congress doesn't intend, and the Executive doesn't intend—or it is to be presumed that the Executive doesn't intend and that the legislative body doesn't intend—to transcend and go beyond an Act of Congress.

If the national emergency requires certain legislation, and that legislation is passed, we will have to abide by it. But it is presumed that if it is not passed it is not necessary for the national emergency.

■ This bill of complaint sets forth a state of facts which goes way beyond the directive legislation, so the only thing for the Court to do is to adhere to its former ruling, retain the case, with what ultimate result the Court, of course, has no means of knowing.

I don't know whether the Government will answer the bill, or what action it will take, but the duty of this Court is so entirely clear that there is nothing else for the Court to do but to do what it has indicated.

So, while the hearing was granted, the previous order of the Court will be the present order of the Court.